THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as *State v. Williams* (1996), 74 Ohio St.3d 454.]

(No. 95–906—Submitted November 7, 1995—Decided February 7, 1996.)

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Karen L. Johnson,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Stephen A. Ferrell* and *Richard J. Vickers,* Assistant Public Defenders, for appellant.

---

*Per Curiam.* In his first proposition of law, appellant argues that good cause was shown for the nearly three-month delay between dismissal of the motion for delayed reconsideration and the filing of the motion for reopening because the public defender's office was extremely busy and the second motion had to be newly researched. We reject this argument. Ten years elapsed since journalization of the appellate judgment sought to be reopened and the filing of the motion for reopening. But relief had been available during that time under former App.R. 14(B) and 26, see *State v. Reddick* (1995), 72 Ohio St.3d 88, at 90, 647 N.E.2d 784, at 786, and had been expressly available under *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, since February 1992, over one year prior to the application for delayed reconsideration. There is no good cause for delay here.

Moreover, we affirm the judgment of the court of appeals and hold that issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so. Thus, in capital cases in which the death penalty has been imposed for offenses committed before January 1, 1995, such issues must be raised in the first appeal as of right in this court, unless, because of unusual circumstances, applying the doctrine of *res judicata* would be unjust. See *State v. Murnahan, supra,* 63 Ohio St.3d at 66, 584 N.E.2d at 1209.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.