[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 132.]

THE STATE OF OHIO, APPELLEE, *v*. WILSON, APPELLANT.

[Cite as *State v. Wilson*, 1997-Ohio-303.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction as required by App.R. 26(B).*

(No. 97-465—Submitted August 26, 1997—Decided October 22, 1997.)

APPEAL from the Court of Appeals for Lorain County, No. 92CA005396.

————————————

{¶ 1} Appellant, Daniel E. Wilson, was convicted of the aggravated murder of Carol Lutz and sentenced to death. He was also sentenced to prison terms for kidnapping and aggravated arson. The court of appeals affirmed the convictions and sentence. *State v. Wilson* (Oct. 12, 1994), Lorain App. No. 92CA005396, unreported, 1994 WL 558568. On direct appeal as of right, we also affirmed. *State v. Wilson* (1996), 74 Ohio St.3d 381, 659 N.E.2d 292, certiorari denied, *Wilson v. Ohio* (1996), 519 U.S. ___, 117 S.Ct. 129, 136 L.Ed.2d 78. Subsequently, we issued a stay of execution after Wilson filed a petition for post-conviction relief. *State v. Wilson* (1996), 77 Ohio St.3d 1425, 670 N.E.2d 1361.

{¶ 2} On December 12, 1996, Wilson filed an application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. The court of appeals noted that Wilson's application was untimely under App.R. 26(B) for not having been filed within ninety days from the journalization of the decision of the court of appeals.

**{¶ 3}** Before the court of appeals, Wilson's attorney claimed that he was "incapacitated" from January 10, 1995 to September 20, 1996, and filed this motion as soon as his "incapacity" ended. As the court of appeals noted, however, counsel's claim of "incapacity" consisted of the following: "(1) he did not become involved in the case until October 23, 1995; (2) he did not gain access to appellant's records until February 5, 1996; and (3) * * * he had to prepare a petition for post-conviction relief on appellant's behalf, prepare a petition for post-conviction relief for another criminal defendant, and prepare a brief in another * * * appeal."

**{¶ 4}** Thus, counsel essentially argued before the court of appeals and now argues here that he did not file the motion for reopening earlier because he was busy and had other work to do. The court of appeals found that counsel's "stated 'incapacity' was not sufficient cause to justify [Wilson's] failure to file his application in a timely manner." Accordingly, the court of appeals denied Wilson's untimely application to reopen his appeal. Wilson now appeals that decision to this court.

_____

*Gregory White*, Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *A. Ruben Lopez*, Assistant Public Defender, for appellant.

_____

***Per Curiam.***

**{¶ 5}** We affirm the judgment of the court of appeals. "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.'" *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053. We agree with the court of appeals that Wilson has not established good cause for his failure to file the application for reopening by

January 10, 1995, which was ninety days from the journalization of the decision by the court of appeals. We further note that Wilson's current attorney, who did not represent him on his direct appeal, admits that he has been involved in his case since October 23, 1995, but still does not adequately explain his failure to file a timely application for reopening, even from the date of his involvement. That counsel was "busy" with other cases does not constitute good cause for the delayed filing. See *State v. Williams* (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____