JOURNAL ENTRY AND OPINION
Michael Bugg, applicant, through counsel, timely filed an Application for Reopening pursuant to App.R. 26 (B). Applicant is challenging the performance of his appellate attorney for failing to raise certain assignments of error concerning his sexually violent predator specifications. The prosecutor filed a Memorandum in Opposition to reopening which this court struck from the file as untimely filed upon the motion of applicant. Entry No. 14756 dated Mar. 7, 2000. After reviewing the memorandum in support of reopening, the affidavit of applicant's counsel, the material attached to applicant's application, and the appellate file, we deny the application for reopening on grounds of res judicata and on the merits as well.
 TRIAL
At trial, a jury found applicant guilty of three counts of the rape of a child with force (R.C. 2907.02), two counts of gross sexual imposition (R.C. 2907.05), and four counts of disseminating matter harmful to juveniles (R.C. 2907.31). Applicant elected to have his five sexually violent predator specifications (R.C.2941.148) tried to the court.
At the bench trial on the predator specifications, the judge accepted as evidence all of the testimony and exhibits from the jury trial. The judge also admitted into evidence the state's offer of certified journal entries containing applicant's prior indictments, not guilty pleas, guilty plea withdrawals, and pleas of guilty culminating in convictions of receiving stolen property, breaking and entering, grand theft, and one count of gross sexual imposition from August 1979, and convictions of receiving stolen property, possession of criminal tools, breaking and entering, attempted arson, grand theft, disrupting public service, grand theft-motor vehicle, and attempted robbery from June 1984. Included in the journal entries, as State's Exhibit 9, supplied by applicant herein, was the conviction of a "John F. Bugg," for receiving stolen property, dated June 28, 1982.
The court also heard the testimony and admitted the report of Martha Ellen Keyes, a psychotherapist, who testified on behalf of the state. Ms. Keyes, who has a Master's degree in counseling psychology from Kent State University and who was working toward her Ph.D. from Kent State in the same subject area, testified that in her practice she has treated both victims of sexual abuse and offenders. Ms. Keyes testified that it was her opinion, to a reasonable degree of scientific certainty, that applicant was likely to reoffend. She stated her opinion was based upon the risk factors included in R.C. 2971.01 (H). Ms. Keyes considered applicant's prior conviction of gross sexual imposition, his current offenses in the underlying case and his prior criminal history. For her written report, Ms. Keyes reviewed the Cuyahoga County Prosecutor's Office Sexual Predator Assessment Request, the Cleveland Police Department's Supplementary Report, a Victim Statement and a Witness Statement and concluded as follows:
 Summary: Based on the evidence made available, the defendant appears to be a "career criminal" with a history of taking things that do not belong to him. The evidence also suggests that the defendant will resort to threats and/or force to obtain whatever he desires. In the instant case, and that of another victim in 1979, the defendant helped himself to the body of another person. In the instant case, the defendant engaged in multiple sexual acts upon a child of tender years who was under his direct care and supervision. These offenses were perpetrated upon the child victim over a period of years by the defendant, whom the victim trusted as a father. Given the number of offenses reported in the defendant's criminal history, it appears that previous consequences imposed by the courts have not had the effect of extinguishing his criminal behavior.
 Opinion: Given the facts revealed in the aforementioned records and based upon reasonable scientific certainty, it is my opinion that the defendant, Michael Bugg, is highly likely to engage in the future in one or more sexually violent offenses.
At the conclusion of the state's case, the defense rested as well, putting on no affirmative evidence on applicant's behalf. Following closing arguments the court found applicant guilty of being a sexually violent predator as outlined in the specifications and sentenced applicant accordingly. The trial court appointed different counsel, Nicholas Thomas, to represent applicant on appeal.
 DIRECT APPEAL
On appeal, counsel raised the following assignments of error:
 I. THE TRIAL COURT IMPROPERLY EXCLUDED EVIDENCE WHICH WAS PROBATIVE TO THE JURY'S DETERMINATION OF THE APPELLANT'S GUILT BEYOND A REASONABLE DOUBT.
 II. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 III. THE STATE FAILED TO PROVE THE ELEMENT OF FORCE BEYOND A REASONABLE DOUBT.
 IV. THE TRIAL COURT FAILED TO HOLD AN IN CAMERA HEARING REGARDING PAST SEXUAL ACTIVITY EVIDENCE OF THE VICTIM.
 V. THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
This court found no merit to applicant's assignments of error and affirmed applicant's convictions. State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, unreported.
 APPEAL TO SUPREME COURT OF OHIO
Applicant has not pursued an appeal to the Supreme Court of Ohio from the decision of this court.
 REOPENING OF DIRECT APPEAL
On January 7, 2000, applicant, through new counsel, state public defenders, filed an application to reopen his direct appeal. In State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the Supreme Court of Ohio established that a claim of ineffective assistance of appellate counsel may be barred from review on resjudicata principles unless circumstances render the application of the doctrine of res judicata unjust. The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996),74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application ofres judicata may be unjust. Accordingly, the principles of resjudicata prevent further review. State v. Borrero (Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 73559.
In addition, a substantive review of the application for reopening fails to support a claim of ineffective assistance of appellate counsel. Applicant contends appellate counsel was ineffective for failing to raise the following four assignments of error:
 I. THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF THE SEXUALLY VIOLENT PREDATOR SPECIFICATION. THIS DEFECT VIOLATES APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT VIOLATED APPELLANT'S LIBERTY INTERESTS, THAT ARE PROTECTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BY IMPOSING A SENTENCE THAT WAS NOT AUTHORIZED BY STATUTE.
 III. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO UNDERSTAND THE ELEMENTS OF § 2971.01 (H) AND IN FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF AN UNCONSTITUTIONAL SENTENCE. THUS, APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED.
 IV. OHIO'S SEXUAL PREDATOR LAW IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED TO APPELLANT.
 a. OHIO'S SEXUAL PREDATOR REGISTRATION AND NOTIFICATION PROVISIONS ARE OVERBROAD, RESULT IN UNWARRANTED PUBLICITY AND UNWARRANTED INTERFERENCE WITH HIS RIGHT TO PRIVACY, AS PROTECTED BY THE NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION I, ARTICLE I
OF THE OHIO CONSTITUTION.
 b. OHIO'S SEXUAL PREDATOR REGISTRATION AND NOTIFICATION PROVISIONS VIOLATE THE PROTECTION AGAINST DOUBLE JEOPARDY UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED
 STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
Appellate counsel is not ineffective necessarily for failing to raise a claim of error. Appellate counsel has no constitutional duty to raise every conceivable assignment of error on appeal.Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3303,77 L.Ed.2d 987; State v. Gumm (1995), 73 Ohio St.3d 413, 428, 653 N.E.2d 253; see State v. Campbell (1994), 69 Ohio St.3d 38, 53, 630 N.E.2d 339. In fact, "[a] brief that raises every colorable issue runs the risk of burying good arguments * * * in a verbal mound made up of strong and weak contentions." Jones, 463 U.S. at 753, 103 S.Ct. at 3313. "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every `colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy * * *." Jones, 463 U.S. at 754,103 S.Ct. at 3314; see State v. Rojas (1992), 64 Ohio St.3d 131, 141-42,592 N.E.2d 1376; State v. Watson (1991), 61 Ohio St.3d 1, 15-16,572 N.E.2d 97.
To establish that appellate counsel was ineffective for failing to raise certain assignments of error, applicant must show that appellate counsel's performance was deficient, i.e., that the omission constituted an error so serious that counsel was not functioning as the appellate counsel guaranteed by theSixth Amendment. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Reed (1996), 74 Ohio St.3d 534,660 N.E.2d 456. Consequently, absent an egregious omission, the mere failure to present a specific assignment of error in addition to others raised on appeal will not constitute deficient performance of appellate counsel, i.e., performance falling below the norms of the profession.
Even when an applicant demonstrates the deficient performance of appellate counsel for failing to present an additional assignment of error, the applicant still must establish prejudice.Reed, 74 Ohio St.3d 534; see, e.g., Sharp v. Puckett (5th Cir. 1991), 930 F.2d 450. Prejudice is presumed in situations where the [un]assistance of counsel is tantamount to the denial of counsel on appeal. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300. Otherwise, an applicant must show that there was a reasonable probability of success on appeal had the particular assignment(s) of error been asserted. Reed, 74 Ohio St.3d 534; Sharp, 930 F.2d at 452-53. Counsel's omission of "a dead-bang winner" assignment of error, even though zealously pressing other strong but unsuccessful claims of error, could render counsel's assistance constitutionally ineffective. Page v. United States (7th Cir. 1989), 884 F.2d 300, 302.
When making its determination of whether an applicant received effective assistance, a court need not evaluate whether counsel's performance was deficient prior to deciding whether an applicant suffered prejudice. See Strickland, 104 S.Ct. at 2069-70. If it is easier to dispose of a claim of ineffective assistance based upon a lack of demonstration of prejudice, that course is preferable in order to avoid the appearance of grading an attorney's performance, which is not the objective of an ineffective assistance of counsel claim. Id. at 2070.
Applicant first contends appellate counsel was ineffective for failing to challenge applicant's convictions of the sexual predator specifications based upon sufficiency of the evidence. The specifications in this case were tried to the court. The court considered not only the evidence from the trial of the underlying offenses, but heard the testimony of an expert witness, who made her prediction based upon the literature in the area and applicant's past criminal behavior. Unlike the courts in State v.Myers (Sept. 30, 1999), Franklin App. No. 98AP-1448, unreported, and State v. Baughman (May 4, 1999), Franklin App. No. 9BAP-929, unreported, which reversed guilty verdicts on sexual predator specifications based upon insufficiency of the evidence and manifest weight of the evidence, respectively, the trial court in this case had more than just the facts of the underlying offenses on which to reach its verdict. The state provided the court with expert testimony on the likelihood of applicant committing another sexually violent offense. The evidence admitted at applicant's trial on the sexually violent predator specifications, when viewed in a light most favorable to the prosecution as this court is required to do upon review, see State v. Manley (1994), 71 Ohio St.3d 342,643 N.E.2d 1107, was sufficient to support the verdicts. Consequently, we find that applicant suffered no prejudice by counsel's failure to present a sufficiency assignment of error with respect to the sexually violent predator specifications.
Applicant next argues that appellate counsel was ineffective for failing to challenge the legality of his sentence because the specifications were not proven beyond a reasonable doubt. Applicant's life without parole sentence is the appropriate sentence pursuant to R.C. 2971.03 because, as indicated above, the State presented sufficient evidence with which to find applicant guilty beyond a reasonable doubt of the specifications.
Applicant further contends appellate counsel was ineffective for not challenging the effectiveness of trial counsel. Specifically, applicant argues that trial counsel was ignorant of R.C. 2971.01 (H), the statute depicting the factors which may be considered when determining whether a defendant is a sexually violent predator as alleged in a specification, based upon counsel's closing argument. In closing argument at the specification trial, defense counsel failed to bring to the court's attention that the State failed to demonstrate any of the factors listed in the statute, let alone prove them beyond a reasonable doubt, and argued to the judge that "if [you] are going to deem him, to deem him the lesser sexually oriented person." Tr. 403.
In R.C. 2971.01, the General Assembly listed specific factors that could "be considered as evidence * * *." R.C. 2971.01 (H)(2). The legislature did not make these factors elements of the specification, which would need to be proved beyond a reasonable doubt, but rather suggested that the factors listed "may be considered as evidence * * *." By doing so, the legislature eliminated the argument in court about whether certain information was relevant in determining whether a defendant was likely to commit a sexually violent offense in the future. The legislature set forth four factors that it considered relevant for use "as evidence tending to indicate that there is a likelihood that the [defendant] will engage in the future in one or more sexually violent offenses * * *." R.C. 2971.01 (H)(2). The General Assembly also provided that in addition to the specifically designated factors in R.C. 2971.01 (H)(2)(a)-(e) which may be considered as evidence, the trier-of-fact may also consider "[a]ny other relevant evidence." R.C. 2971.01 (H)(2)(f).
Trial counsel's closing argument was admittedly weak and obviously unpersuasive, but we find no demonstration of prejudice, i.e., that this court would have found merit in an assignment of error regarding ineffective assistance of counsel based upon the closing argument of trial counsel to the court at the specification hearing in this case. Cf. State v. Smiley (Jan. 26, 1998), Cuyahoga App. No. 72026, unreported, reopening allowed in part (Apr. 22, 1998), Motion No. 91903, conviction reversed (Nov. 8, 1999), appeal dismissed (Mar. 16, 2000), Entry No. 15552 (Supreme Court of Ohio No. 99-2177) First, the statute does not require that the state provide proof or proof beyond a reasonable doubt of the factors listed in R.C. 2971.01 (H)(2) in order to obtain a finding of guilt on the sexual predator specification. Cf. R.C.2929.04. The factors listed are examples of evidence that may be used to demonstrate the likelihood of a defendant to reoffend. In this case, it was not necessary for the state to use the types of evidence suggested by the General Assembly since the state provided other evidence pursuant to R.C. 2971.01 (H)(2)(f) upon which the court could rely to make its determination. Evidence corresponding to the statutory factors would have strengthened the state's case, but trial counsel's failure to point out their omission to the trial judge in closing argument, in light of the other evidence provided by the state's expert witness, did not prejudice applicant's trial.
Additionally, applicant elected to have the sexual predator specifications tried to the court. At a bench trial, there is a presumption that the judge will have considered only relevant, material and competent evidence in reaching a verdict, unless the record affirmatively reveals otherwise. State v. Post (1987),32 Ohio St.3d 380, 513 N.E.2d 754. Applicant has made no showing that the court relied upon improper evidence in reaching its judgment in this case. Given these circumstances, we cannot conclude that the closing argument of defense trial counsel prejudicially impacted applicant and the outcome of his trial on the specifications. Consequently, appellate counsel was not ineffective for failing to assign an error concerning defense trial counsel's closing argument to the court.
Last, applicant contends appellate counsel was ineffective for failing to raise an assignment of error alleging that the sexual predator law as contained in Chapter 2950 is unconstitutional on its face and as applied to applicant through R.C. 2971.03 (F), which permits an automatic classification as a sexual predator for purposes of Chapter 2950 for those found guilty of the sexually violent predator specification. In the process of winnowing out the weaker arguments from the stronger arguments when deciding what assignments of error to raise on appeal, see Jones v. Barnes
(1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987, we cannot conclude that appellate counsel was ineffective for failing to challenge the constitutionality of Chapter 2950. The sexual predator classification laws had already withstood several constitutional challenges, see, e.g., State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570; State v. Ward (1999),130 Ohio App.3d 551, 720 N.E.2d 603, at the time this court heard applicant's appeal, and many, if not all, of the Chapter 2950 classification statutes would have no applicability to applicant since he was sentenced pursuant to R.C. 2971.03 (A)(2) to life imprisonment without parole, a total of three consecutive terms. A defendant sentenced to life imprisonment without parole pursuant to R.C. 2971.03 (A)(2) is not eligible for release from the term of life imprisonment, R.C. 2971.03 (C)(3), and cannot earn credit toward early release, R.C. 2967.193 (C). Thus, it is unlikely applicant would ever have the opportunity to utilize Chapter 2950. Finally, and most significantly, applicant has failed to demonstrate a reasonable probability of success had the proposed assignment of error been raised by appellate counsel.
Accordingly, the Application for Reopening is denied.
O'DONNELL. P.J., and ROCCO, J., CONCUR.
 _____________________________ JAMES M. PORTER, JUDGE