DECISION ON APPLICATION FOR REOPENING
Defendant-appellant, Larry Harley, has filed an application for reopening pursuant to App.R. 26(B), seeking to revisit our decision pronounced in State v. Harley (Dec. 16, 1999), Franklin App. No. 99AP-374, unreported (memorandum decision). Our prior decision affirmed a judgment of the finding appellant to be a sexual predator pursuant to R.C. Chapter 2950.
Appellant was indicted in 1989 on seven counts of rape and four counts of sexual battery. The indictment arose out of multiple sexual crimes committed against his stepdaughter over a period of years. The victim was between eleven and fifteen years of age at the time of the crimes. Appellant subsequently pleaded guilty to one count of rape of a minor under the age of thirteen without the use of force, a stipulated lesser-included offense of one of the multiple counts against him, and received a nolleprosequi on the remaining counts of the indictment.
Subsequently, the Franklin County Court of Common Pleas conducted a hearing pursuant to R.C. 2950.09(C) to determine whether appellant should be classified as a sexual predator. The court determined that there was clear and convincing evidence that appellant should be so found. That determination was affirmed by this court in the decision which appellant now seeks to reopen. The record reflects that no appeal was taken from our decision to the Ohio Supreme Court.
Initially, we note that appellant's claims of ineffective assistance of appellate counsel are subject to res judicata and not properly before us. In State v. Murnahan (1992), 63 Ohio St.3d 60, the Supreme Court of Ohio stated that a claim of ineffective assistance of appellate counsel may be barred from review on resjudicata principles unless circumstances render the application of the doctrine unjust. The question of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454. In the present case, appellant had the opportunity to earlier contest the performance of his appellate counsel through a claimed appeal of right to the Supreme Court of Ohio. Appellant chose not to appeal the decision of this court, and has not set forth in his memorandum seeking reopening any reason for not pursuing such further appeal, or any reason why the application of res judicata in the present matter would be unjust. Accordingly, under Williams and Murnahan, the principles of res judicata prevent further review by this court. We will nonetheless, in the interest of justice and finality, proceed to address the merits of appellant's ineffective assistance of appellate counsel arguments.
In order to establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that counsel's performance was so deficient that it was unreasonable under prevailing professional norms. Strickland v. Washington (1984),466 U.S. 668, 687-688. The defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."Id. at 694. The court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the defendant must overcome this presumption that, under the circumstances, the challenged actions on the part of counsel might be considered sound legal strategy.Strickland, at 689, citing Michel v. Louisiana (1955),350 U.S. 91, 101.
Appellant asserts ineffective assistance of appellate counsel in two respects. First, appellant points to appellate counsel's presentation, in the appellate brief, of arguments already rejected by this court in State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported. Appellant also faults counsel's reliance on State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, which, while favorable to appellant's case, has not been followed in all Ohio appellate districts. Appellant also argues that appellate counsel was ineffective for failure to argue, at the appellate level, ineffective assistance of trial counsel based upon alleged inadequate representation at the sexual predator hearing.
With respect to the performance of appellate counsel generally, we note that appellate counsel need not raise every non-frivolous issue. Jones v. Barnes (1983), 463 U.S. 745, 752. Counsel may limit the number of arguments raised in order to focus on those issues most likely to bear fruit. State v. Allen (1996),77 Ohio St.3d 172, 173. Appellant has not suggested what, if any, authority appellate counsel might have presented in the alternative to those cited above, nor how such alternative argument might have borne a better chance of success on his appeal. Appellant thus fails to meet the first or second prong of the Strickland test, since neither incompetent performance by appellate counsel nor a probability of a different outcome can be shown.
With respect to the alleged deficient performance of trial counsel at the sexual predator hearing, appellant only generally asserts that trial counsel failed to subject the prosecution's case to a meaningful adversarial test. Appellant states that trial counsel filed no pre-hearing motions, did not conduct discovery, and failed to enter objections at the hearing. Our review of the record, both in connection with appellant's initial appeal and with this application to reopen, reveals that appellant received active and competent assistance of counsel at the sexual predator hearing. Furthermore, appellant again fails to specifically explain how the alleged shortcomings of trial counsel would have produced a different outcome in the proceeding. Appellant therefore again fails to meet the Strickland test.
Finally, we address appellant's contention that both trial and appellate counsel were ineffective for failure to argue that the sexual predator registration statutes of Ohio are constitutionally invalid as a law impairing the obligation of contracts, in violation of the United States and Ohio Constitutions. The contract in question is the plea bargain entered into between appellant and the state, which involved a prison term for the singular charge to which appellant pled guilty, but could not contemplate the lifetime sexual predator registration requirement which were later imposed upon appellant. These arguments with respect to plea bargains and sexual predator hearings have already been rejected by Ohio courts:
 We find the registration and notification requirements of the statute are conditions imposed upon offenders after their release from prison. This does not affect any plea agreement previously entered into between the offender and the state. The Supreme Court in [State v. Cook (1998), 83 Ohio St.3d 404] has found the classification does not constitute punishment. The negotiated plea agreement dealt with appellant's plea, his cooperation * * * and the punishment. The offender's classification falls outside the scope of the plea agreement in the contemplation of both parties. We find classifying appellant pursuant to the new [sexual predator] statute does not violate the plea agreement.
State v. Iden (Feb. 16, 1999), Stark App. No. 97-C-00365, unreported. Appellant has therefore not demonstrated ineffective assistance of appellate counsel for failing to raise this argument.
In accordance with the foregoing, appellant's application for reopening will be denied as he has failed to demonstrate that he received ineffective assistance of appellate counsel.
Application for reopening denied.
BRYANT and BROWN, JJ., concur.