JOURNAL ENTRY and OPINION
Robert L. Johnson, through counsel, filed an Application for Reopening on April 20, 2000. Applicant is attempting to reopen the judgment of this court in State v. Johnson (May 1, 1989), Cuyahoga App. Nos. 55295, 55811 and 55812, unreported, which affirmed applicant's pleas of guilty to the offenses of aggravated murder with a felony specification and aggravated robbery with a firearm specification. Although the State of Ohio has not filed a response, our review of the application, in addition to our review of the application in conjunction with the appellate file, precludes us from reopening applicant's appeal.
According to App.R. 26 (B) (1) and (2) (b), if an application for reopening is not filed within ninety days of the journalization of the appellate judgment, an applicant is required to show good cause for the delay in the application for reopening. If good cause is not shown, the application for reopening may be denied. State v. Way (1996), 74 Ohio St.3d 236,658 N.E.2d 274; State v. Winstead (1996), 74 Ohio St.3d 277,658 N.E.2d 722; State v. Wickline (1996), 74 Ohio St.3d 369,658 N.E.2d 1052. Applicant herein provides no explanation in his application[1] for his delay in filing for reopening of over ten years from the journalization of the appellate judgment, over eight years from the decision in State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204, and nearly seven years after the effective date of App.R. 26 (B). Consequently, the application for reopening is denied. See State v. Way, supra; State v.Robinson (Mar. 14, 1994), Cuyahoga App. No. 64734, unreported, reopening disallowed (Aug. 23, 1996), Motion No. 72731.
In addition, the principles of res judicata preclude the reopening of applicant's appeal. The doctrine of res judicata may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel may be barred by resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66,584 N.E.2d 1204. The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454,659 N.E.2d 1253. In this case, applicant had a previous opportunity to contest the performance of his appellate counsel in an appeal to the Supreme Court of Ohio following the journalization of the judgment of this court on May 1, 1989. Applicant did not appeal, and applicant has not explained why the principles of resjudicata should not now be applied.[2] Accordingly, resjudicata prevents further review and we find its application in this case just. See State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, unreported, reopening disallowed (Apr. 7, 2000), Motion No. 13465; State v. Hicks (Nov. 8, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408.
Finally, a review of the application for reopening fails to demonstrate the existence of a genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. On appeal, appellate counsel challenged the validity of applicant's guilty pleas in the following assigned error:
 THE COURT ERRED IN ACCEPTING A GUILTY PLEA WHICH WAS MADE WITHOUT A KNOWING AND VOLUNTARY WAIVER OF FUNDAMENTAL RIGHTS, WITHOUT A FULL UNDERSTANDING OF THE CONSEQUENCES OF THE PLEA.
In the application for reopening, applicant's counsel proposes the following additional challenges to applicant's guilty pleas:
 1. The trial court lacked jurisdiction to accept a guilty plea from the appellant because it failed to hold a hearing required by Criminal Rule 11 (C) (3) and R.C. § 2945.06.
 2. The evidence is insufficient to establish beyond a reasonable doubt that the appellant [is] guilty of the aggravated murder or the capital specification.
 3. The appellant was denied effective assistance of counsel [when counsel allowed appellant to plea to the indictment].
4. The trial court erred by accepting an invalid plea.
Applicant attached a photocopy of a transcript of plea proceedings held on September 28, 1987 in support of his contentions.
Irrespective of the application of res judicata to applicant's contentions that were previously raised on appeal, applicant maintains that his pleas were improper because he did not appear before three judges in a Crim.R. 11 (C) (3) hearing. The opinion of this court states otherwise. In State v. Johnson (May 1, 1989), Cuyahoga App. Nos. 55295, 55811, 55812, unreported, on page three, this court again stated that "[o]n December 7, 1987, a hearing was conducted as required by Crim.R. 11 (C) (3) * * *." Later, on page ten, this court stated that "[o]n December 7, 1987, a three judge panel conducted a hearing as mandated by Crim.R. 11 (C) (3)." The hearing involved stipulations of the parties, admissions of applicant and his co-defendant, and findings by the three-judge panel as indicated on pages ten and eleven of this court's opinion. Applicant provided no evidence to contradict the information in the appellate opinion. Consequently, applicant has failed to present a genuine issue of ineffective assistance of appellate counsel.
Accordingly, the Application for Reopening is denied.
JOHN T. PATTON, P.J., and LEO M. SPELLACY, J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
[1] Nearly one month after filing the application for reopening, applicant filed an "Application for Reopening Supplementation." Applicant did not seek leave of court to supplement his application and applicant did not explain why the supplement was not filed with the application. The supplement consisted of applicant's affidavit wherein applicant averred that he was unaware of a procedure to challenge the effectiveness of his appellate counsel. Notwithstanding the disallowance of applicant's supplement, the reason proferred would not have constituted good cause for applicant's lengthy delay. State v.Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784; State v. Klein
(Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (July 6, 1994), 69 Ohio St.3d 1481; State v. Reynolds (Dec. 31, 1990), Cuyahoga App. No. 57534, unreported, reopening disallowed (Dec. 22, 1994), Motion No. 53537; see, State v. Pollard (Apr. 19, 1993), Cuyahoga App. No. 62085, unreported, reopening disallowed (June 20, 1996), Motion No. 72642; State v. Jones (Nov. 27, 1989), Cuyahoga App. No. 53465, unreported, reopening disallowed (Nov. 21, 1996), Motion No. 75649.
[2] We note that counsel has not explained why he is pursuing post-conviction relief pursuant to App.R. 26 (B) rather than first pursuing a delayed appeal in the Supreme Court of Ohio pursuant to S.Ct.Prac.R. II, Section 2 (A) (4) (a).