JOURNAL ENTRY AND OPINION
In State v. King, the applicant was convicted of murder. This court affirmed that judgment in State v. King (May 9, 1991). Cuyahoga App. No. 58480, unreported.
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because of purported errors in the jury instructions. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
This court's decision affirming applicant's conviction was journalized on May 20, 1991. The application was filed on June 6, 2001, clearly in excess of the ninety-day limit. In his affidavit, applicant avers that: appellate counsel advised him that this court affirmed his conviction several months after the announcement of the decision; appellate counsel never advised him of his right to request review by reconsideration or appeal to the Supreme Court of Ohio; appellate counsel led him to believe he had no other avenue; due to his "misbelief," he gave up on his efforts; he is a high school dropout with no knowledge of the criminal legal system or the appellate process; only recently he learned from another inmate that he had not exhausted all avenues.
It is well-established that lack of counsel and ignorance of the law is not an excuse for the untimely filing of an application for reopening — especially more than ten years after the journalization of the decision affirming the conviction. See, e.g., State v. Fortson (Dec. 17, 1998), Cuyahoga App. No. 72229, unreported, reopening disallowed (Jan. 23, 2001), Motion No. 18195, at 2-4. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
Applicant did not appeal this court's decision affirming his conviction to the Supreme Court of Ohio.
 The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero
(Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559.
State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, unreported, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6. Likewise, applicant has not demonstrated that the application of res judicata in this case would be unjust. As a consequence, res judicata provides a sufficient basis for denying the application for reopening.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 13.5. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
Applicant assigns as errors in the application for reopening that his appellate counsel was ineffective for failing to assign as error: the ineffectiveness of trial counsel for failing to request jury instructions consistent with his assertion that he did not purposely cause the death of the victim; and that the trial court did not give a manslaughter instruction. We note, however, that the trial court did give an instruction on voluntary manslaughter. TR. at 526, et seq.; State v.King (May 9, 1991), Cuyahoga App. No. 58480, unreported, at 6.
Although applicant complains about the propriety of the jury instructions, he has not provided this court with any controlling authority that the trial court's instructions constitute error. Furthermore, trial counsel did not object to the jury instructions. TR. at 542-543. "Thus if an error had been committed, such error had been waived and could only be reviewed on a plain error analysis. Such an argument could succeed only if there was a clear miscarriage of justice.State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332." State v.Taylor (Oct. 17, 1996), Cuyahoga App. No. 69843, unreported, reopening disallowed (Oct. 20, 1999), Motion No. 5439, at 16, appeal dismissed (2000). 88 Ohio St.3d 1413, 723 N.E.2d 119. At a minimum, applicant has not demonstrated plain error in the jury instructions.
Applicant's conviction arose out of an incident involving several young people. On direct appeal, this court considered whether the verdict of guilty on the charge of murder was against the manifest weight of the evidence and, specifically, whether the verdict supported only a conviction for voluntary manslaughter.
 Ohio Revised Code Section 2903.03 defines voluntary manslaughter:
 "(A) No person; while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another."
 Herein, a review of the record does not indicate that appellant King acted under the influence of sudden passion or a sudden fit of rage. Rather, according to the testimony of his companions and of the victim's companions, appellant King provoked the incident by yelling out to the group initially.
 The appellant's statement before the stabbing, "come and get me and I'll stab you," and his squaring off with the victim, could have indicated a willingness on the part of appellant to have engaged in the fight.
 Further, the jury was instructed on the elements of voluntary manslaughter, as well as murder and self-defense. The jury's verdict indicates that there was sufficient evidence before them to support a decision of conviction for murder.
King, supra, at 10-11. Although applicant states that he will indicate parts of the trial transcript which support his contentions, he has neither cited nor attached those portions of the record on which he relies. See App.R. 26(B)(2)(e).
Neither of applicant's assignments of error provides a basis for concluding that his appellate counsel was deficient or that applicant was prejudiced by the performance of appellate counsel. As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
TIMOTHY E. McMONAGLE, P.J., AND JAMES D. SWEENEY, J., CONCUR.