JOURNAL ENTRY AND OPINION
{¶ 1} In State v. McAlphine, Cuyahoga County Court of Common Pleas Case No. CR-395929, applicant was convicted of felonious assault. (Although applicant spells his name as "McAlpine" in this application, we will maintain the spelling of "McAlphine," which has been used since his indictment in Case No. CR-395929.) This court affirmed that judgment inState v. McAlphine (Jan. 24, 2002), Cuyahoga App. No. 79216.
 {¶ 2} Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not challenge the propriety of the response of the trial court to a question by the jury during deliberations. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that res judicata bars the application for reopening.
 {¶ 4} "The doctrine of Res Judicata * * * prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. Statev. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204." State v. Sanchez
(June 9, 1994), Cuyahoga App. No. 62797, reopening disallowed (Apr. 22, 2002), Motion No. 36733, at 3-4.
 {¶ 5} Applicant did not appeal this court's decision in Case No. 79216 to the Supreme Court of Ohio. "The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454,659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero
(Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559." State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6. In this matter, we do not find the application of res judicata to be unjust. As a consequence, res judicata provides a sufficient basis for denying the application for reopening with respect to Case No. 79216.
 {¶ 6} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 {¶ 7} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 8} Although applicant nominally assigns three errors, in each error applicant complains about the trial court's response to a question the jury sent to the court during deliberations.
 {¶ 9} "THE COURT: We've received a question from you which reads as follows: Can a felonious assault be changed to assault?
 {¶ 10} "You can only return a verdict of guilty on felonious assault." Tr. at 307.
 {¶ 11} All three of applicant's assignments of error assert that the trial court's response to the jury's question was inappropriate because the trial court failed to give the jury the charge required byState v. Howard (1989), 42 Ohio St.3d 18, 537 N.E.2d 188. Applicant ignores, however, that the Howard charge is required when a jury has become deadlocked. Applicant does not identify any portion of the record as demonstrating that the jury was indeed deadlocked.
 {¶ 12} We also note that, on direct appeal, appellate counsel assigned as error that the trial court should have instructed the jury on aggravated assault as a lesser included offense of felonious assault. After an extensive analysis comparing the elements of aggravated assault and felonious assault, this court concluded that the record did not provide sufficient evidence of the mitigating element of provocation to require the additional instruction on aggravated assault. Similarly, applicant has not demonstrated that the record in this action provides sufficient evidence to require an instruction on assault. We cannot, therefore, conclude that appellate counsel's performance was deficient or that applicant was prejudiced by the absence of any of applicant's proposed assignments of error on direct appeal.
 {¶ 13} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
ANNE L. KILBANE, P.J., and DIANE KARPINSKI, J., CONCUR.