JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Fanning, Cuyahoga County Court of Common Pleas Case No. CR-337866, applicant, Robert Fanning (aka Robert Love), was convicted of felonious assault. This court affirmed that judgment inState v. Fanning (Oct. 23, 1997), Cuyahoga App. No. 71189. Fanning did not appeal to the Supreme Court of Ohio.
 {¶ 2} Fanning has filed with the clerk of this court an application for reopening. Fanning asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not argue on appeal that the trial court violated Fanning's right to a speedy trial. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming Fanning's conviction was journalized on November 3, 1997. The application was filed on May 20, 2002, clearly in excess of the ninety-day limit. Fanning makes no effort to explain the delay in filing the application. His failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
 {¶ 5} Fanning's request for reopening is also barred by res judicata. "The doctrine of Res Judicata * * * prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In this matter, we do not find the application of res judicata to be unjust." State v. Sanchez
(June 9, 1994), Cuyahoga App. No. 62797, reopening disallowed (Apr. 22, 2002), Motion No. 36733, at 3-4.
 {¶ 6} On direct appeal, this court granted Fanning's pro se motion to supplement the brief and he did file a supplemental brief. It is well-established that res judicata prevents a defendant-appellant who has filed a pro se brief on direct appeal from maintaining an application for reopening. State v. Patrick (Sept. 13, 2001), Cuyahoga App. No. 78605, reopening disallowed (Mar. 21, 2002), Motion No. 35687 [Patrick filed a pro se supplemental brief in the direct appeal].
 {¶ 7} Additionally, Fanning did not appeal this court's decision in Case No. 71189 to the Supreme Court of Ohio. "The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454,659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero
(Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559." State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6.
 {¶ 8} Fanning both filed a pro se brief on direct appeal and did not prosecute an appeal to the Supreme Court of Ohio. We find that the circumstances of this case do not render the application of res judicata unjust. As a consequence, res judicata provides a sufficient basis for denying Fanning's application for reopening.
 {¶ 9} The application also fails to conform to some of the formal requirements for an application for reopening. "A review of the application itself establishes that [applicant] has exceeded the ten-page limitation established by App.R. 26(B)(4). This defect provides another independent reason for dismissing the application." State v. Murawski
(July 17, 1997), Cuyahoga App. No. 70854, reopening disallowed, 2002-Ohio-3631, Motion No. 35073, ¶ 11. Furthermore, "App.R. 26(B)(2)(c) requires that an application contain `one or more assignments of error or arguments in support of assignments of error that previously were not considered in the — case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation.' The application contains no such assignments of error. Without such assignments of error it is not possible to evaluate an application to reopen." State v. Phillips (Dec. 28, 2001), Cuyahoga App. No. 79192, reopening disallowed (Mar. 8, 2002), Motion No. 35540, at 1-2. The failure of Fanning to conform his application to the requirements of App.R. 26(B) provides an additional basis for denying reopening.
 {¶ 10} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Fanning has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). InState v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 {¶ 11} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal." Id. at 25. Fanning cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 12} As noted above, Fanning does not articulate any assignments of error. In fact, much of what he complains about pertains to the conduct of trial counsel without any allusion to his appellate counsel. That portion of his application which does refer to appellate counsel exceeds the ten-page limit of App.R. 26(B)(4). By separate entries, therefore, we have denied Fanning's two motions to supplement the application. Regardless, we have attempted to discern the essence of Fanning's cryptic and verbose submissions. Cf. State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367, at 9.
 {¶ 13} It appears that his only assertion that bears any resemblance to a purported ground for reopening is his complaint that there was "ineffective assistance [of] appellate counsel for not filing [a motion to dismiss the indictment for failure to provide a speedy trial] with appellant's brief and assignment of error filed in [the] court of appeals on March 24, 1997." Fanning complains that he was arrested on March 16, 1996 [the record in Case No. CR-337866 indicates that Fanning was arrested on March 17, 1996] and remained in custody through his trial which did not commence until July 8, 1996. Fanning states that he never requested a continuance of trial. Yet, the record reflects that, by entry received for filing on June 26, 1996, the trial court issued the following order: "Joint motion for continuance of trial is granted. Trial reset to July 8, 1996 * * *."
 {¶ 14} In State v. Mays (Oct. 22, 1998), Cuyahoga App. No. 73376, reopening disallowed (Mar. 20, 2001), Motion No. 16361, Mays assigned as error that "he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that trial counsel did not protect applicant's right to a speedy trial." Id. at 2. Mays complained that his trial counsel requested several continuances. TheMays court observed, however: "`The time for trial may be extended by * * * the period of any continuance granted on the accused's own motion * * * R.C. 2945.72(H).' Cleveland v. Seventeenth St. Assn. (Apr. 20, 2000), Cuyahoga App. No. 76106, unreported, at 5-6. `Certainly, trial counsel was free to pursue this strategy. It is well established that courts will not second-guess counsel. See, e.g., State v. Mitchell
(Apr. 3, 1997), Cuyahoga App. No. 70821, unreported, reopening disallowed (Feb. 24, 1998), Motion No. 84988 at 6-7.' State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, at 8-9, appeal dismissed (1998),84 Ohio St.3d 1409, 701 N.E.2d 1019. We cannot presume to substitute our judgment for trial counsel's evaluation regarding his preparation and availability for trial. In light of R.C. 2945.72(H), therefore, appellate counsel was not deficient and applicant was not prejudiced by the absence of applicant's proposed assignment of error from his direct appeal."Mays, supra, at 7-8.
 {¶ 15} Likewise, we must conclude that Fanning's appellate counsel was not deficient and that Fanning was not prejudiced by the absence of an assignment of error on direct appeal asserting that the state violated Fanning's right to a speedy trial because the parties jointly moved for a continuance.
 {¶ 16} As a consequence, Fanning has not met the standard for reopening. Accordingly, the application for reopening is denied.
TIMOTHY E. McMONAGLE, A.J., and TERRENCE O'DONNELL, J., concur.