JOURNAL ENTRY AND OPINION
{¶ 1} House was convicted of: four counts of felonious assault, each with peace officer specifications; failure to comply with an order or signal of a police officer; and driving under the influence of alcohol.[1] We remanded his case for resentencing,[2] the Ohio Supreme Court denied his motion for leave for delayed appeal,[3] and this court affirmed the judgment issued after remand.[4]
 {¶ 2} Applicant has filed with the clerk of this court an application for reopening. House now asserts that he was denied the effective assistance of appellate counsel because, on remand, appellate counsel did not "raise the error and present arguement of the defendant being sentenced to R.C. 2929.14(E)(4) [findings required to impose consecutive sentences] when [this court in Case No. 78239] mandated the defendant is to be sentenced according to R.C. 2929.14."[5] We deny his application for reopening.
 {¶ 3} House's affidavit accompanying the application is not sufficient to comply with App.R. 26(B)(2) which provides, in part:
"An application for reopening shall contain all of the following:
"* * * (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *."
 {¶ 4} The substantive portion of House's "Affidavit of Verity" accompanying the application merely states "[t]hat the facts contained in this motion for INNEFFECTIVE ASSISTANCE of COUNSEL[6] are true to the best of my knowledge."[7] We must hold in this case that House's affidavit does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d).
 {¶ 5} House's request for reopening is also barred by res judicata.
"The principles of res judicata may be applied to bar the furtherlitigation in a criminal case of issues which were raised previously orcould have been raised previously in an appeal. See generally State v.Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of thesyllabus. Claims of ineffective assistance of appellate counsel in anapplication for reopening may be barred by res judicata unlesscircumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204."[8]
 {¶ 6} He did not appeal this court's decision to the Supreme Court of Ohio.
"The issue of whether appellate counsel provided effective assistancemust be raised at the earliest opportunity to do so. State v. Williams(1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicantpossessed an earlier opportunity to contest the performance of hisappellate counsel in a claimed appeal of right to the Supreme Court ofOhio. Applicant did not appeal the decision of this court to the SupremeCourt of Ohio and has failed to provide this court with any reason fornot pursuing such further appeal and/or why the application of resjudicata may be unjust. Accordingly, the principles of res judicataprevent further review. State v. Borrero (Apr. 29, 1996), Cuyahoga App.No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No.72559."[9]
 {¶ 7} We find that the circumstances of this case do not render the application of res judicata unjust. As a consequence, res judicata provides a sufficient basis for denying the application for reopening.
 {¶ 8} We also deny the application on the merits. Having reviewed the arguments for reopening in light of the record, we hold that House has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."[10] The Supreme Court has specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."[11]
 {¶ 9} The State correctly observes that, to the extent House is attempting to assert that his appellate counsel in Case No. 80939 was ineffective for failing to challenge the propriety of the trial judge's imposition of consecutive sentences upon remand, the application is without merit. That is, both of the errors assigned in Case No. 80939 challenged the judge's judgment to impose consecutive sentences. As a consequence, res judicata bars any challenge to the imposition of consecutive sentences and we find that the circumstances do not render the application of res judicata unjust.[12]
 {¶ 10} Additionally, if House is attempting to challenge the propriety of the imposition of a sentence which is more than the minimum term, that argument also fails. In HouseII, this court observed: "the trial court discussed appellant's history of alcoholism and drug use to support its finding that it needed to protect the public from future crime by appellant as well as to punish him."[13] In light of this court's reading of the sentencing transcript in HouseII, House has not cited any controlling authority in his application for reopening which would establish that there was a genuine issue as to whether the absence of an assignment of error regarding the imposition of more than the minimum prison term constitutes a colorable claim of ineffective assistance of appellate counsel.
 {¶ 11} As a consequence, House has not met the standard for reopening. The application for reopening is denied.
ANN DYKE, J., And JAMES J. SWEENEY, J., Concur
[1] State v. House, Cuyahoga County Court of Common Pleas Case No. CR-369232.
[2] State v. House (Oct. 18, 2001), Cuyahoga App. No. 78239.
[3] 99 Ohio St.3d 1407, 2003-Ohio-2454, 788 N.E.2d 645 [HouseI].
[4] State v. House, Cuyahoga App. No. 80939, 2002-Ohio-7227 [HouseII].
[5] Application (spelling in original).
[6] Capitalization and spelling in original.
[7] Compare: State v. Barnett, Cuyahoga App. No. 81101, 2002-Ohio-6506, reopening disallowed, 2003-Ohio-3938, Motion No. 344562, ¶ 16 ("[t]hat I have personal knowledge of the facts stated herein and I am competent to testify as to the truth of the same.")
[8] State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
[9] State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6.
[10] App.R. 26(B)(5).
[11] State v. Spivey (1998), 84 Ohio St.3d 24, 25, 1998-Ohio-704,701 N.E.2d 696,
[12] See, e.g., State v. Smith (Mar. 9, 2000), Cuyahoga App. No. 75512, unreported, reopening disallowed (Feb. 5, 2002), Motion No. 15465.
[13] HouseII, ¶ 16. See also R.C. 2929.14(B).