KiNkade, J.
 

 Sam Miller was indicted by reason of the fact that he had aided, abetted and secured the
 
 *416
 
 registration of one who was not a lawful voter in the district where the registration took place, because of the fact that the voter was under twenty-one years of age. Upon trial in the court of common pleas, the jury returned a verdict of guilty. Miller prosecuted error to the Court of Appeals, that court affirmed the judgment of conviction and sentence, and Miller prosecutes error here.
 

 The prosecution was based upon Section 4785-201, General Code, which, in so far as it is applicable to this case, reads as follows: “Whoever knowingly registers, or makes application, or attempts to register in a precinct in which he is not a qualified voter; or whoever knowingly aids or abets any such person so to register; or attempts to iregister or knowingly induces or attempts to induce such person to so register * * * shall upon conviction thereof be fined * * * or be imprisoned in the penitentiary * * * or both.”
 

 The indictment, in so far as material to this case, reads as follows:
 

 “That Sam Miller, late of said County, on or about the 19th day of June, in the year of our Lord one thousand nine hundred and thirty-one, at the County of Jefferson aforesaid, did unlawfully, wilfully, fraudulently and knowingly aid, abet, induce and persuade one Dama Branaham, to register in Precinct P of Ward 2, of the City of Steubenville, in the County of Jefferson aforesaid, as a qualified voter at the registration of the qualified voters in said precinct, then and there being held, as authorized by the laws of this State, when in fact and in truth the said Sam Miller well knew that the said Dama Branaham was not then and there a qualified voter in said precinct; and he, the said Sam Miller, well knew at said time that said Dama Branaham was only eighteen years of age.”
 

 Plaintiff in error relies upon a single error in the
 
 *417
 
 charge of the trial court, which error is made manifest by the following language found in the charge:
 

 “In this case, to secure a conviction the State must prove that Dama Branaham was under twenty-one years of age in June, 1931; and therefore, not a qualified voter; that the defendant, Sam Miller, induced, persuaded or aided her to register in Steubenville, Jefferson County, Ohio.
 

 “Now, if you find from the evidence, beyond a reasonable doubt, that Dama Branaham was under twenty-one years of age in June, 1931, and that the defendant did induce, persuade, aid or abet her to register to vote in Jefferson County, Ohio, your verdict should be Guilty. If you do not so find, your verdict should be Not Guilty.”
 

 The direct point in error is that the court did not include in its instruction a statement that Miller at the time of persuading and inducing the voter to register knew that the voter at that time was under the age of twenty-one years.
 

 The trial court read the indictment to the jury as a part of the charge, and also read that part of Section 4785-201 above quoted, but did not otherwise at any place in the charge call the jury’s attention to the fact that they must find, before they could convict, that Miller knew that the voter was under lawful age.
 

 The Court of Appeals found, and stated in its opinion, that the trial court was clearly in error in omitting to charge that Miller knew the voter was under age at the time he induced her to register. The following language is found in the opinion of the Court of Appeals: “It is urged on the part of the State that as he [the trial judge] read the statute to the jury, that he did call their attention to the fact that it must be knowingly. That would not be a charge of the Court, calling the jury’s attention to what they must find in order to find this party guilty. It would simply be reciting the statute, and it would
 
 *418
 
 be presuming, then, that the jury understood the statute without any further charge. So that the Court did not in any place in this Charge state to the jury that it must be knowingly done on the part of Mr. Miller. * * * The Court did not charge correctly at all.”
 

 Manifestly the plea of not guilty puts upon the jury the duty to find every essential of guilt sustained, not by a preponderance of .the evidence, but beyond a reasonable doubt. And, furthermore, the jury should be told that the evidence must not only be consistent with the guilt of the accused, but that it must also be inconsistent with his innocence, and if it be not so, it is the duty of the jury to give the accused the benefit of the doubt and to return a verdict of not guilty. It was the duty of the state to prove that the voter was under age, and that the accused knew this fact. His knowledge was one of the essentials of the crime charged.
 

 The Court of Appeals went further, and found that this was not prejudicial error calling for a reversal of the judgment of the trial court, for the reason that only a general exception was taken to the charge of the court, and that a general exception, standing alone, was not sufficient to raise the question in the reviewing court; that the court had simply omitted to charge definitely on that subject, and counsel for the accused had not then informed the court of the omission and urged the correction of the charge accordingly, nor did he specifically except to the charge on that ground. If the proposition stated by the Court of Appeals could be sustained, that this was a mere ‘ ‘ omission to charge,” instead of a direct, erroneous statement of the law, it would follow as a matter of course that the judgment of conviction would have to be sustained in this court. However, we are not able to concur in that part of the opinion of the Court of Appeals which
 
 *419
 
 characterizes this failure to state the law as an omission only.
 

 The trial court attempted to state the essentials of the crime in the portion of its charge quoted, and it must follow that when the court undertakes to state all the essentials of the crime, thereby instructing the jury as to what they must find before they can convict, the language of the trial court in that respect must be taken by the jury as embracing all that they need to find in order to convict. We think this portion of the charge must be read as a definite misstatement of the law.
 

 Section 11561, General Code, provides: “A general exception taken to a charge of a court to a jury shall apply to all errors of law which exist in such charge that are material and prejudicial to the substantial rights of the party excepting.”
 

 The judgment of the Court of Appeals will therefore be reversed, and the cause remanded for new trial.
 

 Judgment reversed cmd cause remanded.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Stephenson, JJ., concur.