OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Manley, Appellee.
[Cite as State v. Manley (1994),      Ohio St.3d     .]
Criminal procedure -- Evidence -- Proof necessary to establish
     that a drug transaction occurred in the vicinity of a
     school premises -- R.C. 2925.03, construed.
     (No. 93-1147 -- Submitted October 25, 1994 -- Decided
December 23, 1994.)
     Appeal from the Court of Appeals for Allen County, No. 1-91-83.
     On August 15, 1991, appellee Ronald L. Manley was indicted by an Allen County grand jury on six counts. At the beginning of appellee's trial on December 2, 1991, the state, appellant, dismissed counts one through four. The trial proceeded on count five, knowingly selling or offering to sell a bulk amount of a schedule II controlled substance within one thousand feet of the boundaries of a school premises in violation of R.C. 2925.03(A)(5), and count six, using an automobile in the commission of a felony drug abuse offense as prohibited by R.C. 2925.13(A).
     During trial, the state produced three witnesses who testified that the drug transaction in which appellee participated occurred in the vicinity of school premises, namely, Whittier School in Lima, Ohio. The testimony of the state's first witness, Gregory Roberts, a police officer employed by the city of Lima and assigned to the Lima/Allen County Drug Enforcement Unit, included the following exchange:
     "[MR. REED, prosecuting attorney:] *** To get a picture of where [the drug transaction occurred], we know there's a pool hall in the area ***. Is there anything else in the area that the jury would know to be able to help them realize where this took place?
     "[THE WITNESS:] Whittier School is located in the block that's bounded by Holmes and Reese and Third."
     The testimony of James Benvenuto, a confidential police informant also indicated that the drug transaction occurred in

the vicinity of a school:

"[MR. REED:] Now, out on this Reese Street, where you've testified the substance was transferred from Manley to [another individual] to you, is that at all close to a school?

"[THE WITNESS:] Yea.

"Q. Do you know the name of the school?

"A. No.

"Q. How close would you say the school is?

"A. Probably four houses.

"Q. Is it on Reese Street?

"A. Yes."

As its final witness, the state produced Clyde Breitigan, a police officer employed by the city of Lima and assigned to the Lima/Allen County Drug Enforcement Unit. The state's examination of Investigator Breitigan produced the following exchange:

"[MR. REED:] Have you been back out to 1120 Reese since May 8th of 91?

"[THE WITNESS:] Yes, sir.

"***

"To measure the distance between 1120 South Reese and the school yard at Whittier School.

"Q. Okay. To your knowledge, since May 8th, has either the school or the residence at 1120 been moved?

"A. No, sir.

"Q. Okay. Did you take measurements?

"A. Yes, sir.

"Q. What were the results of the measurements you took?

"A. The measurements from the -- the law requires that you measure from the closest point of the property to the closest point of the school. We took measurements from 1120 South Reese to the school yard, plus from the point of the buy itself to the school yard.

"Q. Okay. How far was it from the point of the buy? First of all, how did you know the point of the buy?

"A. We had Jim Benvenuto point it out to us.

"Q. Okay. What was the distance from the point of the buy to the school property?

"A. Two hundred and fifty-five feet point three.

"Q. And how did you measure that?

"A. I just measured it with a traffic wheel ***."

Appellee did not cross-examine the testimony of Roberts, Benvenuto or Breitigan concerning the proximity of the school premises to the drug transaction. Nor did appellee question whether the building referred to as the "Whittier School" was in fact an academic institution used for the education of children.

At the close of the state's evidence, defense counsel moved the court for a judgment of acquittal pursuant to Crim. R. 29, asserting generally that the state had failed to prove its case beyond a reasonable doubt. In his motion, appellee did not specifically question whether the incident had occurred within one thousand feet of a school. The trial judge sustained the motion as to the charge relating to the use of an automobile, but overruled the motion with respect to the trafficking charge, concluding that the state had produced sufficient evidence for each element of the offense.

During his case-in-chief, appellee offered the testimony of two witnesses, neither of whom mentioned the existence or proximity of a school. Appellee did not renew his motion for acquittal at the close of all the evidence. In closing arguments, only the state referred to the school element. Defense counsel's closing argument focused on the contention that appellee was in no way involved with the drug transaction that occurred on Reese Street. Furthermore, appellee neither proposed a specific jury instruction as to a statutory definition of "school" nor objected to the trial judge's instructions that had generally outlined the elements of the charged offense.

The jury found appellee guilty of violating R.C. 2925.03(A)(5), and the trial judge sentenced him according to R.C. 2925.03(C)(5) to a term of not less than six years nor more than twenty-five years, with a term of five years of actual incarceration. From this judgment, appellee appealed to the Third District Court of Appeals. The appellate court determined that the state had failed to present any evidence that Whittier School fell within the definition of "school" as set forth in R.C. 2925.01(Q) and that the failure constituted plain error. As a result, the court of appeals affirmed the jury's finding of guilt but vacated appellee's sentence under the school specification. The case was remanded to the trial court for resentencing.

This cause is now before this court upon the allowance of a motion to certify the record.

Gary R. Hermon, Assistant Allen County Prosecuting Attorney, for appellant.

Marc S. Triplett, for appellee.

Lee Fisher, Attorney General, and Simon B. Karas, Deputy Chief Counsel, urging reversal for amicus curiae, Lee Fisher.

Alice Robie Resnick, J. The sole issue presented for our review concerns the proof necessary to establish that a drug transaction occurred in the vicinity of a school premises. At the time of the offense, R.C. 2925.03 read as follows:

"(A)  No person shall knowingly do any of the following:

"***

"(5)  Sell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount [.]

"***

"(C)  If the drug involved is any compound, mixture, preparation, or substance included in schedule I with the exception of marihuana or in schedule II, whoever violates this section is guilty of aggravated trafficking.

"***

"(5)  Where the offender has violated division (A)(5) of this section, aggravated trafficking is a felony of the second degree, and the court shall impose a sentence of actual incarceration of three years, except that, if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises or the offender previously has been convicted of a felony drug abuse offense, aggravated trafficking is a felony

of the first degree and the court shall impose a sentence of actual incarceration of five years."

"School premises" is defined by R.C. 2925.01(R) to include either of the following:

"(1) The parcel of real property on which any school is situated, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted on the premises at the time a criminal offense is committed;

"(2) Any other parcel of real property that is owned or leased by a board of education of a school or the governing body of a school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code and on which some of the instruction, extracurricular activities, or training of the school is conducted, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted on the parcel of real property at the time a criminal offense is committed."

"School," as used in defining "school premises," is defined by R.C. 2925.01(Q) to be "any school operated by a board of education or any school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted at the time a criminal offense is committed."

In the instant action, the state produced three witnesses who testified that the drug transaction occurred within the vicinity of a school. Two of the witnesses specifically identified the school as Whittier School. One witness, Investigator Breitigan, testified that the drug transaction occurred "two hundred and fifty-five feet point three" from the Whittier schoolyard. Appellee contends that this testimony was insufficient to prove that the sale occurred within the prescribed area surrounding the "school premises" as that phrase is statutorily defined. The court of appeals concluded that the state's failure to present evidence that Whittier School was operated by a board of education at the time of the drug transaction as defined in R.C. 2925.01(Q) and (R) constituted reversible error. That conclusion requires an unacceptably strict application of the statute rather than an application which gives effect to the obvious intention of the law.

The provisions of R.C. 2925.03(C)(5) clearly indicate that the Ohio legislature intended to punish more severely those who engage in the sale of illegal drugs in the vicinity of our schools and our children. The court of appeals in this case correctly determined that in order to convict a defendant under the school specification, the state must prove beyond a reasonable doubt that the drug transaction occurred within the specified distance of a school. The state has the burden of establishing all material elements of a crime by proof beyond a reasonable doubt. Mullaney v. Wilbur (1975), 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508; State v. Adams (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144. That requirement also applies in cases involving the imposition of an enhanced punishment upon proof of some additional element. See, e.g.,

State v. Gaines (1989), 46 Ohio St.3d 65, 545 N.E. 3d 68; State v. Gordon (1971), 28 Ohio St.2d 45, 57 O.O.2d 180, 276 N.E.2d 243; State v. Murphy (1990), 49 Ohio St.3d 206, 551 N.E.2d 932. In Murphy, for example, this court held that "[t]he state must present evidence beyond a reasonable doubt that a firearm was operable at the time of the offense before a defendant can receive an enhanced penalty pursuant to R.C. 2929.71(A)." Id., syllabus. As the failure to prove firearm operability would lead to a failure to obtain a conviction under R.C. 2929.71(A), so too would the failure to prove that a transaction occurred within the vicinity of a "school premises" as that phrase is defined by R.C. 2925.01(Q) and (R).

In the case at bar, the state produced three individuals who testified concerning the proximity of a school to the drug transaction. Appellee failed to challenge those statements by cross-examination, motion or a proposed jury instruction. In short, the issue was never brought to the trial court's attention. In his brief filed with this court, appellee argues that he was not obligated to object to the state's proof in order to challenge the issue on appeal. He erroneously contends that because a plea of not guilty puts in issue all the elements of the offenses charged, he is relieved of any duty to specifically challenge the state's lack of evidence. Because the record is devoid of any indication that appellee preserved the issue of the school specification, it should not be reviewed on appeal.

Pursuant to the terms of Crim. R. 52(B), however, plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899.

The court of appeals in this case reversed appellee's sentence under the school specification based upon plain error in two areas: first, the trial court's failure to provide the jury with the specific statutory definition of "school" under R.C. 2925.01(Q) as it applies to "school premises" in R.C. 2925.03(C)(5), and second, the state's failure to offer evidence to prove that a "school" was connected to the illegal transaction. For the reasons which follow, we find that the circumstances surrounding the instant action do not warrant a finding of plain error.

First, we consider the trial court's failure to include a statutory definition of a "school" within the instructions to the jury. It is well settled that "a defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged ***." State v. Adams (1980), 62 Ohio St.2d 151, 153, 16 O.O.3d 169,    , 404 N.E.2d 144,    ; see, also, Miller v. State (1932), 125 Ohio St. 415, 181 N.E. 890; United States v. Rybicki (C.A. 6, 1968), 403 F.2d 599. However, a trial court's failure to separately

and specifically charge a jury as to each element of an offense does not per se constitute plain error. State v. Adams, 62 Ohio St.2d at 153, 16 O.O.3d at 170, 404 N.E.2d at 140; State v. Long, supra, 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. In Adams, we held that the complete failure to charge the jury as to the culpable mental state required to convict a defendant of child endangerment under R.C. 2919.22 was not plain error. In this case, the trial judge did not fail to charge on an element of the crime. Rather, he merely failed to define one of the terms used in setting out an element of the offense. Appellee has not been able to demonstrate how the failure to define the term "school" rises to the level of a miscarriage of justice. Furthermore, an examination of the record establishes no probability that the ultimate result, but for the alleged inadequate jury instruction, would have been different.

The court of appeals also based its finding of plain error on the conclusion that the presence of a statutorily defined school can be shown only by some affirmative proof that a board of education operated the premises. That conclusion is inconsistent with past decisions from this court. In State v. Murphy, supra, we considered the type of evidence necessary to prove an element of an offense beyond a reasonable doubt. At issue in that case was whether the firearm specification set out in R.C. 2929.71 could be proven beyond a reasonable doubt without actually presenting scientific or direct evidence as to the operability of a firearm. The majority determined:

"[S]uch proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime. To rule otherwise would destroy the intent of the General Assembly to impose an additional term of the three years' actual imprisonment on those persons who use a firearm to carry out their criminal objectives." 49 Ohio St.3d at 209, 551 N.E.2d at 935.

Following our decision in Murphy, we again considered the use of indirect evidence in proving the elements of an offense in State v. Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492. In that opinion we determined that circumstantial evidence is as probative as direct evidence, and that juries should weigh both types of evidence under the same standard of proof. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id., paragraph two of the syllabus.

The analyses and holdings in Murphy and Jenks clearly apply to the facts in this case. The record before us reveals that three witnesses testified that the drug transaction occurred within the immediate vicinity of a school. Whether Whittier School met the definition of a school under R.C. 2925.01(R) was not challenged by cross-examination or motion. The court of appeals' discussion of alternative inferences that

could be made about the school's use as an academic facility amounts to viewing the evidence in less than the most favorable light to the prosecution.  Given the lack of evidence to the contrary, a reasonable mind accepting the evidence as presented might find appellee guilty beyond a reasonable doubt under the school specification.

For the foregoing reasons, we reverse the judgment of the court of appeals and reinstate the original sentence imposed by the trial court.

                              Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Footnotes

1.   We note R.C. 2925.03 has since been amended.  Those changes appear to be minor and do not alter the substance of the section.