OPINION
{¶ 1} Appellant, Jonathan M. Bowens, appeals his conviction for trafficking in cocaine with a penalty enhancement for committing the offense in the vicinity of a school, a felony of the fourth degree, following a jury trial in the Ashtabula County Court of Common Pleas. R.C. 2925.03(A) and (C)(4)(b). Appellant was sentenced to serve an eighteen-month term of incarceration. For the reasons stated below, we affirm appellant's conviction.
 {¶ 2} On July 24, 2001, an Ashtabula Police Department patrolman observed appellant standing on the corner of West 33rd Street and Station Avenue in Ashtabula, Ohio. At trial, the patrolman testified that the corner on which appellant was standing is across the street from Saints John and Paul School. The patrolman observed a car pull up to the intersection and stop while appellant approached the vehicle. The patrolman observed appellant and the occupants of the vehicle conduct a transaction that the patrolman believed could have been a narcotics transaction. The patrolman then observed the vehicle drive away quickly. Other officers of the Ashtabula Police Department subsequently stopped and searched the vehicle and discovered two rocks of crack-cocaine. Based on the testimony of the patrolman, the other officers, and one of the occupants of the vehicle, appellant was convicted of trafficking in cocaine.
 {¶ 3} Appellant assigns the following assignment of error for review:
 {¶ 4} "The verdict was supported by insufficient evidence as to the specification that the offense was committed within the vicinity of a school."
 {¶ 5} The Ohio Supreme Court has defined "sufficiency" as "a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52, quoting Black's Law Dictionary (6 Ed. 1990) 1433. Essentially, "sufficiency is a test of adequacy," that challenges whether the state's evidence has created an issue for the jury to decide regarding each element of the offense. Id. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 6} In order to sustain appellant's conviction, the state was required to prove beyond a reasonable doubt that appellant had sold or offered to sell a substance containing cocaine "in the vicinity of a school." R.C. 2925.03(A) and (C)(4)(b). For the purposes of R.C.2925.03(C)(4)(b), a "school" is defined as "any school operated by a board of education or any school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted at the time a criminal offense is committed." R.C. 2925.01(Q).
 {¶ 7} Appellant argues that the patrolman's testimony regarding the identity of Saints John and Paul School was insufficient as a matter of law to prove that Saints John and Paul is a school as defined by R.C.2925.01(Q), and that, therefore, the court erred when it overruled the defendant's motion for acquittal at the close of the state's case. Specifically, appellant argues that "to meet the evidentiary burden of proving beyond a reasonable doubt that a privately or parochially operated institution is a `school' as defined by R.C. 2925.01(Q), the prosecution must, at a minimum produce competent evidence that the institution is operated under minimum standards set forth by the state board of education under R.C. 3301.07" and that "[t]his requires, at a minimum, the testimony of someone from the administration of that institution."
 {¶ 8} In State v. Manley, 71 Ohio St.3d 342, 1994-Ohio-440, the Ohio Supreme Court rejected this argument. As in this case, Manley
involved a conviction for trafficking near school premises.[1] InManley, the court addressed the issue of whether "the presence of a statutorily defined school can be shown only by some affirmative proof that a board of education operated the premises." Id. at 347-348. The court held that the state was not required to present evidence that the school was operated by a board of education. Id. Such a requirement, the court explained, would be inconsistent with the court's prior decisions allowing the elements of an offense to be established by circumstantial as well as direct evidence. Id., citing State v. Murphy (1990),49 Ohio St.3d 206, and Jenks, supra.
 {¶ 9} In Manley, two police officers and a police informant testified that the drug transaction "occurred within the immediate vicinity of a school" without any further elaboration regarding whether the school was operated by a board of education or operated under standards set by a board of education. Id. at 348. Noting that there was no evidence that the facility in question was not a school, the court concluded that reasonable minds could conclude beyond a reasonable doubt that the state had proven the school specification. Id.; see, also, In reWilliams (June 23, 1995), 11th Dist. No. 94-A-0066, 1995 Ohio App. LEXIS 2634, at *10-*12 (police officer's testimony sufficient to prove beyond reasonable doubt that drug transaction took place within one thousand feet of school premises); State v. Rogers (Apr. 24, 1996), 3rd Dist. No. 9-95-50, 1996 Ohio App. LEXIS 1715, at *11-*12 (police testimony regarding the presence of a school and the distance of the school from the location of a drug transaction is sufficient to support school specification).
 {¶ 10} In the present case, the Ashtabula Police Department patrolman who observed appellant's activity on the corner of West 33rd Street and Station Avenue testified as follows: "Saint John High School is located between 33rd and 3,400 blocks of Station Avenue, so 33rd Street and Station is directly across the street. * * * It's probably forty feet at the most. Probably less. Probably thirty-five feet. So thirty-five feet away from the property of the school." When asked if the school is currently operating as a school, the patrolman replied, "absolutely." Another Ashtabula Police Department officer also identified the property as "Saint John's High School." As in Manley, the appellant neither challenged the policemen's testimony by cross-examination or motion nor introduced evidence to the contrary. Under the authority ofManley, a jury could conclude, based on this evidence, that the drug transaction occurred in the vicinity of a school as intended in R.C.2925.03(C)(4)(b) beyond a reasonable doubt.
 {¶ 11} Appellant's sole assignment of error is overruled. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.
[1] The version of R.C. 2925.03(C) in effect at the time Manley was decided provided that the drug transaction had to occur "within one thousand feet of the boundaries of any school premises." The definition of a "school" in the current version of the statute remains the same as the definition in the version of the statute at issue in Manley.