OPINION
{¶ 1} The appellant, Joe McDuffey, appeals the May 7, 2003 judgment of the Common Pleas Court of Seneca County, Ohio, sentencing him to a term of imprisonment for nine months.
 {¶ 2} On May 31, 2001, McDuffey was indicted on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1). This count was accompanied by a specification that the offense was committed in the vicinity of a school in violation of R.C. 2925.03(C)(4)(b). McDuffey entered a plea of not guilty, and the matter proceeded to a two-day jury trial on April 21-22, 2003. At the conclusion of the trial, the jury returned a verdict of guilty as to the charge and the specification, specifically finding that the offense was committed in the vicinity of St. Wendelin Elementary School in Fostoria, Ohio. Thereafter, McDuffey was sentenced to nine months of imprisonment. This appeal followed, and McDuffey now asserts one assignment of error.
Appellant Mcduffey's conviction for trafficking with a specificationfor doing so within the vicinity of a school is not supported by thesufficiency of the evidence.
 {¶ 3} The Ohio Supreme Court has set forth a test to determine whether the evidence submitted in a trial was sufficient for the trier of fact to determine a crime has been proven beyond a reasonable doubt. SeeState v. Jenks (1991), 61 Ohio St.3d 259. In Jenks, the Court outlined the sufficiency of the evidence test as follows:
An appellate court's function when reviewing the sufficiency of theevidence to support a criminal conviction is to examine the evidenceadmitted at trial to determine whether such evidence, if believed, wouldconvince the average mind of the defendant's guilt beyond a reasonabledoubt. The relevant inquiry is whether, after viewing the evidence in alight most favorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond a reasonabledoubt.
Id. at paragraph two of the syllabus.
 {¶ 4} In the case sub judice, McDuffey was charged with trafficking in crack cocaine in violation of R.C. 2925.03(A)(1). This statute prohibits a person from knowingly selling or offering to sell a controlled substance. R.C. 2925.03(A)(1). The level of offense charged by the State against McDuffey was a fourth degree felony because the alleged controlled substance at issue was crack cocaine and was sold or offered to be sold in the vicinity of a school. See R.C. 2925.03(C)(4)(b). Thus, the State had to prove beyond a reasonable doubt that McDuffey knowingly sold or offered to sell crack cocaine in the vicinity of a school.
 {¶ 5} McDuffey's only point of contention presented in this appeal is that the State failed to present sufficient evidence that the offense was committed in the vicinity of a school. The vicinity of a school is defined as "on school premises, in a school building, or within one thousand feet of the boundaries of any school premises." R.C. 2925.01(P). A school is defined as "any school operated by a board of education, any community school established under Chapter 3314. of the Revised Code, or any nonpublic school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code[.]" R.C.2925.01(Q). McDuffey does not argue whether the term "vicinity" was proven by the State. Rather, he maintains that the State failed to prove that St. Wendelin Elementary School was, in fact, a school as that term is defined in the Revised Code.
 {¶ 6} During the trial, the following testimony was provided regarding the identification of the school.
Q: Did you personally measure the distance from the place where thetransaction took place to the nearest school?
 A: Yes, I did.
 Q: What school?
 A: St. Wendelin Elementary School on North Wood Street on [sic]Fostoria, Ohio.
 Q: What is the distance you measured?
 A: Seven hundred — seven hundred thirty-seven feet.
This testimony is similar to that provided in State v. Manley (1994),71 Ohio St.3d 342.
 {¶ 7} In Manley, three witnesses testified that the drug transaction took place close to a school, and one of these witnesses measured the distance from the school to the drug transaction at 250.3 feet. Id. at 346. Importantly, no testimony was provided in Manley as to whether the school in that case was operated by the board of education or otherwise met the definition of a school as defined in R.C. 2925.01(Q). Id. Nevertheless, the Supreme Court determined that the testimony of the three witnesses, each of whom referred to the place at issue merely by its name, Whittier School, was sufficient to satisfy the "vicinity of a school" element because lay witnesses who were in a position to observe the circumstances surrounding the crime can establish the existence of an element of a crime beyond a reasonable doubt. Id. at 348.
 {¶ 8} Here, the jury had the same type of information as the trier of fact in Manley, in that the place at issue was referred to by name, St. Wendelin Elementary School. Thus, this testimony, when viewed in a light most favorable to the prosecution, provided sufficient evidence for a rational trier of fact to have found this essential element of the crime proven beyond a reasonable doubt. Therefore, the assignment of error is overruled, and the judgment of the Common Pleas Court of Seneca County, Ohio, is affirmed.
Judgment affirmed.
Bryant, P.J., and Walters, J., concur.