OPINION
{¶ 1} Larry Terry was found guilty by a jury in the Darke County Court of Common Pleas of one count of trafficking in cocaine. He was sentenced to four years in prison. Terry appeals, pro se, raising eleven assignments of error. For the following reasons, the judgment of the trial court will be affirmed. *Page 2 
 I {¶ 2} In February 2007, the Greenville Police Department and the Darke County Prosecutor entered into an agreement with a confidential informant whereby the informant would assist the police with setting up drug transactions in exchange for favorable treatment on forgery charges that were pending against her. In March 2007, the informant purchased crack cocaine three times from Terry in coordination with police officers. Each time, the informant was wired so the officers who were positioned nearby could hear the transaction. She was also searched for drugs before and after each transaction. The informant's first two purchases from Terry occurred at her house, which was in close proximity to a school. The third transaction, after which the police intended to arrest Terry, occurred at a nearby business because of the possibility that the informant's children would be at her home.
 {¶ 3} After the police arrested Terry, he was charged in two separate indictments with three counts of trafficking in cocaine (two counts in Case No. 07-CR-14004 and one count in Case No. 07-CR-13956). Terry was tried by a jury in September 2007, and he was found guilty of count one in Case No. 07-CR-14004; he was acquitted on the other counts. The count on which he was convicted contained enhancements for trafficking in crack cocaine in an amount greater that one gram but less than five grams and for trafficking in the vicinity of a school or in the vicinity of a juvenile. The jury found that both of these enhancements had been proven beyond a reasonable doubt. The jury also found that the weight of the crack cocaine was equal to or greater than one gram and less than five grams. The jury's findings on the enhancements and weight of the crack cocaine raised the offense from a fifth degree felony to a third degree felony. The trial court sentenced Terry to four years in prison. *Page 3 
 {¶ 4} Terry raises eleven assignments of error on appeal.
 II {¶ 5} Terry's first assignment of error states:
 {¶ 6} I. "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AND FAIR TRIAL BY ALLOWING THE INCLUSION OF THE `VICINITY OF A JUVENILE' ENHANCEMENT SPECIFICATION AND OVERRULING APPELLANT'S TIMELY OBJECTION."
 {¶ 7} The indictment alleged that Terry engaged in trafficking in crack cocaine in the vicinity of a school ("the school enhancement") or in the vicinity of a juvenile ("the juvenile enhancement"). Pursuant to R.C. 2925.03(C) and R.C. 2925.01(P) and (BB), trafficking in drugs within one thousand feet of a school or one hundred feet or within view of a juvenile enhances the penalty for the offense.
 {¶ 8} In his opening statement, the prosecutor referred only to the school enhancement. Nonetheless, over Terry's objections, the trial court permitted the prosecutor to address both enhancements in closing argument, and they were both included in the jury instructions. Terry claims that the prosecutor's "election" not to pursue the juvenile enhancement at the beginning of the trial "altered defense trial strategy" to his prejudice. Specifically, he claims that he would have obj ected to parts of the audio tapes and cross examined the witnesses differently if he had known that the juvenile specification was still at issue.
 {¶ 9} The prosecutor did not affirmatively abandon the juvenile enhancement, as Terry's argument seems to suggest. In fact, in his opening statement, he did mention that children live at the informant's house, where two of the purchases occurred. There were also references at trial to the *Page 4 
children who can be heard in the background of the audio tapes of the transactions. The trial court permitted the closing argument regarding the juvenile enhancement and included it in the jury instructions because the prosecutor had not "withdrawn that portion of the Indictment."
 {¶ 10} In our view, the trial court did not abuse its discretion in handling the juvenile enhancement as it did. Moreover, in light of the undisputed evidence at trial that the informant's house was within 1000 feet of a school, satisfying the school enhancement, we conclude that Terry suffered no prejudice from the inclusion of the juvenile specification.
 {¶ 11} The first assignment of error is overruled.
 III {¶ 12} Terry's second assignment of error states:
 {¶ 13} II. "EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR TRAFFICKING IN COCAINE WITH A JUVENILE ENHANCEMENT AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} Terry claims that the state did not prove the juvenile enhancement beyond a reasonable doubt.
 {¶ 15} The state's evidence on the presence of a juvenile consisted of background noise on the audiotapes that sounded like children, but was not specifically identified as such by the informant, and the officer's statement that the final drug purchase, at which Terry was arrested, was arranged to occur somewhere other than the informant's house because of the possibility that children would be there. Although the evidence could have been more specific, we nonetheless conclude that there was sufficient evidence to support the jury's finding on the enhancement and that this finding was not against the manifest weight of the evidence. Because the controlled buy occurred in the *Page 5 
informant's home, the jury could have reasonably inferred that the transaction occurred within 100 feet or within the view of the children whose voices were heard on the audiotape. Establishing either of the enhancements elevates the degree of the offense. Thus, assuming arguendo that the state's evidence that the drug trafficking occurred in the vicinity of a juvenile was too weak, Terry would have suffered no prejudice.
 {¶ 16} The second assignment of error is overruled.
 IV {¶ 17} Terry's third assignment of error states:
 {¶ 18} III. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29."
 {¶ 19} Terry asserts that the state failed to prove the school enhancement because the state did not present evidence that East Elementary School met the statutory definition set forth at R.C. 2925.01(Q), that the school district owned the building, or that it was open and operating as a school.
 {¶ 20} In State v. Manley, 71 Ohio St.3d 342, 348, 1994-Ohio-440,643 N.E.2d 1107, the state presented evidence that the drug transaction occurred within the vicinity of a school, and the defendant did not challenge whether the school met the statutory definition. Under these circumstances, the supreme court held that questions raised on appeal about whether the school satisfied the statutory definition of a school amounted to "viewing the evidence in less than the most favorable light to the prosecution," which is not permitted. Id. at 348. Given the state's evidence in this case that the informant's house was within 1000 feet of a school and the absence of evidence to *Page 6 
the contrary, reasonable minds accepting the evidence presented could have found Terry guilty of the school enhancement beyond a reasonable doubt. As such, Terry's Crim. R. 29 motion was properly overruled.
 {¶ 21} The third assignment of error is overruled.
 V {¶ 22} Terry's fourth assignment of error states:
 {¶ 23} IV. "THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR TRAFFICKING IN COCAINE WITHIN `THE VICINITY OF A SCHOOL' AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 24} Terry claims that the school enhancement was not adequately established because the police officer who measured the distance from the house where the transaction took place to the school did not provide sufficient detail about the start and end points of his measurements, the device he used to measure the distance, or the device's reliability.
 {¶ 25} The state established the proximity of the school to the informant's house through the testimony of Detective James Marion of the Greenville Police Department. Marion testified that he measured the distance between the two buildings using a "Roll of Tape" or "Wheel on a Stick," which he described as a wheel-like device that he pushed along the ground. Using this tool, Marion measured a distance of 591 feet, well within the 1000 foot perimeter established by R.C. 2925.02(P). Marion testified that the wheel was "one of our department issued wheels" that had been certified when the department bought it. He also testified that the house was within the 1000 foot perimeter of the school identified on maps used at the police department and that it fell within that distance based on his own perception of the distance and his familiarity with the neighborhood. This evidence *Page 7 
amply supported the conclusion that the drug transaction occurred within 1000 feet of a school.
 {¶ 26} The fourth assignment of error is overruled.
 VI {¶ 27} Terry's fifth and seventh assignments of error state:
 {¶ 28} V. "TRIAL COURT ERRED AS A MATTER OF LAW BY SENTENCING APPELLANT FOR A THIRD DEGREE FELONY, WHERE THE VERDICT FORMS ONLY SUPPORT A CONVICTION ON A FIFTH DEGREE FELONY."
 {¶ 29} VII. "TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED CRIM.R. 31(A) (D) OF THE R.C. AND APPELLANT['S] DUE PROCESS RIGHTS BY ACCEPTING A DEFECTIVE, AMBIGUOUS, AND LESS THEN [SIC] UNANIMOUS ENHANCEMENT VERDICT AND ENTERING A SENTENCE."
 {¶ 30} Terry's fifth and seventh assignments of error assert that the verdict forms contain errors that require the reversal of his conviction.
 {¶ 31} First, Terry claims that he was indicted for trafficking in crack cocaine in an amount greater than one gram but less than five grams, whereas the verdict form and jury instructions stated that the amount of crack cocaine was equal to or exceeded one gram. Pursuant to R.C. 2925.03, trafficking in crack cocaine would be a fifth degree felony unless the amount equaled or exceeded one gram and was less than five grams, in which case it would be treated as a fourth degree felony. The offense is further heightened to a third degree felony if the trafficking occurs in the vicinity of a school or a juvenile. R.C. 2925.03(A)(1)(C)(4)(c).
 {¶ 32} Although the indictment and verdict form do demonstrate the discrepancy about which Terry complains, we are unpersuaded that Terry was prejudiced by this discrepancy. This is *Page 8 
not a situation like the one presented in State v. Pelfrey,112 Ohio St.3d 422, 860 N.E.2d 735, 2007-Ohio-256, upon which Terry relies. InPelfrey, noting that R.C. 2945.75 requires a jury's verdict form to include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense, the supreme court held that a defendant must be convicted on the lesser degree of an offense if these criteria are omitted. Id. at ¶ 14. In Terry's case, the enhancing criteria were not totally omitted; the aggravating element stated in the indictment differed slightly from the statutory language, but the verdict form stated the aggravating factor correctly. Terry did not object to the language of the indictment at trial. The state's evidence was that Terry sold approximately two and one half grams of crack cocaine in committing the offense of which he was convicted, and as such the distinction between "greater than one gram" and "equal to or exceeded one gram" was not significant. Because Terry was not prejudiced by the inconsistency, this error was harmless.
 {¶ 33} Terry also contends that the indictment and the verdict form were inconsistent as to whether he had trafficked in cocaine or crack cocaine. Because the amount of each type of cocaine that justifies an enhanced penalty under R.C. 2925.03(C)(4)(c) differs, he claims that the jury's verdict was insufficient to enhance his trafficking offense.
 {¶ 34} Terry's indictment clearly specified that trafficking in crack cocaine was at issue in Count I. The verdict form stated: "We the jury *** find the Defendant `Guilty' or `Not Guilty' of Trafficking in Cocaine as set forth in Count I of the Indictment." The jury indicated that it found Terry "guilty." The verdict form then stated: "If you find the Defendant `Guilty' then you must separately decide *** whether the weight of the crack cocaine was equal to or greater than 1 gram but less than 5 grams ***." The jury found that the state had proven "that the amount of cocaine *Page 9 
involved in Count I was equal to or greater than 1 gram but less than 5 grams." R.C. 2925.03(C)(4)(d) distinguishes crack cocaine from cocaine that is not crack cocaine, but crack cocaine is nevertheless a form of cocaine. R.C. 2925.01(G)(G). In our view, there is no ambiguity surrounding the jury's verdict. Terry was clearly convicted of trafficking in crack cocaine in an amount justifying an enhancement of the degree of felony and penalty.
 {¶ 35} Terry further argues that the verdict forms violated his due process rights because they were ambiguous as to whether he was found to have trafficked in the vicinity of a school, in the vicinity of a juvenile, or both. He claims that these enhancements should have been addressed separately in the verdict forms. The parties and the court seemed to agree on this point when they were discussing the verdict forms at the end of trial, but the forms that were submitted to the jury did not reflect this view. The completed jury form states: We the jury find that the State of Ohio "did". . .prove that the drug transaction occurred either within the vicinity of a school or within the vicinity of a juvenile. The state claims that this did not amount to plain error and that the oversight was harmless because the undisputed evidence established both enhancements.
 {¶ 36} As we have stated above, the evidence that Terry's drug transaction occurred in the vicinity of a school was stronger than the evidence that it occurred in the vicinity of a juvenile. Ample evidence established that the transaction occurred within the vicinity of a school. Maps, measuring devices, and Detective Marion's own perception supported this conclusion, and Terry did not present any evidence to the contrary. As such, even if the jury might not have found the juvenile enhancement proven beyond a reasonable doubt, the evidence on the school enhancement was overwhelming. Thus, any error in the verdict forms was harmless.
 {¶ 37} The fifth and seventh assignments of error are overruled. *Page 10 
 VII {¶ 38} Terry's sixth assignment of error states:
 {¶ 39} VI. "TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND VIOLATED HIS DUE PROCESS RIGHTS BY ACCEPTING AND AMENDING A VERDICT WHICH WAS PATENTLY INCORRECT IN THAT IT FOUND APPELLANT GUILTY OF TRAFFICKING IN `COCAINE,' AN OFFENSE FOR WHICH HE WAS NOT CHARGED."
 {¶ 40} Under his sixth assignment of error, Terry again asserts that the verdict form convicted him of a different offense from the offense with which he was charged, i.e., trafficking in cocaine rather than crack cocaine. Terry further argues that the trial court attempted to amend the verdict sua sponte and without the jury's involvement by sentencing him for trafficking in crack cocaine.
 {¶ 41} We have addressed and rejected Terry's argument that he was not convicted of trafficking in crack cocaine. He was properly sentenced for the offense of which he was convicted.
 {¶ 42} The sixth assignment of error is overruled.
 VIII {¶ 43} Terry's eighth assignment of error states:
 {¶ 44} VIII. "APPELLANT'S CONVICTION FOR TRAFFICKING IN COCAINE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 45} Terry asserts that the state did not present any evidence that his conduct involved the sale of a controlled substance because the only evidence that the substance sold was cocaine or crack cocaine came from an unreliable confidential informant with a motive to lie. *Page 11 
 {¶ 46} Under this assignment of error, Terry essentially argues that his conviction was supported by insufficient evidence and against the manifest weight of the evidence because the informant was not a reliable witness. The credibility of the witnesses and the weight to be given to their testimony were matters for the jury to resolve. State v.DeHass (1967), 10 Ohio St.2d 230, 231, 227 N.E.2d 212. The jury did not lose its way in this case simply because it chose to believe the state's witnesses, which it had a right to do. Moreover, the informant was not the only witness to testify that the substance sold to her was crack cocaine. Detective Marion corroborated this fact. See Assignment IX. Terry's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence.
 {¶ 47} The eighth assignment of error is overruled.
 IX {¶ 48} Terry's ninth assignment of error states:
 {¶ 49} IX. "PROSECUTORIAL MISCONDUCT DEPRIVED APPELLANT OF HIS OHIO AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS ANDA FAIR TRIAL AND VIOLATED EVID.R. 611(C)."
 {¶ 50} Terry claims that his constitutional rights were violated by the prosecutor's use of leading questions while examining the confidential informant, particularly with respect to whether the substance she had purchased from Terry was crack cocaine.
 {¶ 51} The exchange at issue was as follows:
 {¶ 52} "Prosecutor: Do you recognize that as crack cocaine?
 {¶ 53} "Informant: Yes.
 {¶ 54} "Q.: Does that appear to be the same crack cocaine you purchased from Mr. Terry on *Page 12 
March 24th of this year?
 {¶ 55} "A.: Yes, sir."
 {¶ 56} Terry did not object to the leading nature of these questions or to the informant's qualifications to identify crack cocaine. Thus, he has waived all but plain error. Detective Marion identified the substance that was exchanged on March 24 as 2.43 grams of crack cocaine based on his own experience and as verified by the Miami Valley Regional Crime Lab. Under these circumstances, we cannot conclude that Terry was prejudiced by the prosecutor's questions.
 {¶ 57} The ninth assignment of error is overruled.
 X {¶ 58} Terry's tenth assignment of error states:
 {¶ 59} X. "TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO SPECIFICALLY INSTRUCT THE JURY THAT THEY NEED TO UNANIMOUSLY AGREE THAT A PARTICULAR ENHANCEMENT ACT (`VICINITY OF A SCHOOL'/'VICINITY OF A JUVENILE') WAS THE BASIS FOR THE ENHANCEMENT."
 {¶ 60} Terry contends that his due process rights were violated because the jury was not required to unanimously agree that he had either committed the offense in the vicinity of a school or that he committed it in the vicinity of a juvenile. He states that "[i]t is impossible to determine whether the jury unanimously found that [he] committed one particular enhancement."
 {¶ 61} Terry relies on State v. Johnson (1989), 46 Ohio St.3d 96,545 N.E.2d 636, in support of his position that the jury was required to unanimously agree on the enhancement provisions. The supreme court has addressed this issue more recently in State v. Gardner,118 Ohio St.3d 420, 429, 2008-Ohio-2787, 889 N.E.2d 995, which we find to be instructive. Gardner states: *Page 13 
 {¶ 62} "In determining whether the state has impermissibly interfered with a defendant's Crim. R. 31(A) right to juror unanimity and the due process right to require that the state prove each element of the offense beyond a reasonable doubt, the critical inquiry is whether the case involves `alternative means' or `multiple acts.'
 {¶ 63} "In an alternative means case, where a single offense may be committed in more than one way, there must be jury unanimity as to guilt for the single crime charged. Unanimity is not required, however, as to the means by which the crime was committed so long as substantial evidence supports each alternative means. In reviewing an alternative means case, the court must determine whether a rational trier of fact could have found each means of committing the crime proved beyond a reasonable doubt.
 {¶ 64} "In multiple acts cases, on the other hand, several acts are alleged and any one of them could constitute the crime charged. In these cases, the jury must be unanimous as to which act or incident constitutes the crime. To ensure jury unanimity in multiple acts cases, we require that either the State elect the particular criminal act upon which it will rely for conviction, or that the trial court instruct the jury that all of them must agree that the same underlying criminal act has been proved beyond a reasonable doubt." Id. at ¶ 48-50, citingState v. Jones (2001), 96 Hawaii 161, 170, 29 P.3d 351.
 {¶ 65} In our view, the enhancement specifications at issue in Terry's case were alternate means or bases for enhancing the penalty for drug trafficking, rather than multiple distinct acts that could constitute the offense. The jury was certainly unanimous in its belief that Terry had committed the offenses of trafficking in crack cocaine. Relying on the reasoning in Gardner, we conclude that the jury was not required to unanimously agree on the basis for enhancing the offense — whether for *Page 14 
trafficking in the vicinity of a school or in the vicinity of a juvenile — so long as substantial evidence supported each alternative means. Although the evidence in support of the school enhancement was stronger, there was substantial evidence supporting each enhancement.
 {¶ 66} Terry's tenth assignment of error is overruled.
 XI {¶ 67} Terry's eleventh assignment of error states:
 {¶ 68} XI. "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO MAKE THE WRITTEN JURY INSTRUCTIONS PROVIDED TO THE JURY A PERMANENT PART OF THE RECORD FOR USE ON APPEAL."
 {¶ 69} Terry contends that his conviction should be vacated because the trial court did not preserve the jury instructions in the record, which prevented him from identifying "[variations between the oral instructions, written instructions, and verdict form." He does not allude to any specific variation. The state responds that Terry bore the burden of assuring that the record included all documents necessary to his appeal. The state also asserts that Terry has failed to show any prejudice as a result of the alleged error.
 {¶ 70} We agree with both of the state's assertions. Terry has failed to demonstrate that he was prejudiced by the absence of the jury instructions because he has not made any specific argument as to how the document would have demonstrated error. Moreover, he was responsible for creating a record that reflected the issues he wanted to raise on appeal.
 {¶ 71} The eleventh assignment of error is overruled.
 XII {¶ 72} The judgment of the trial court will be affirmed.
GRADY, J. and DONOVAN, J., concur.
Copies mailed to:
Richard M.M. Howell
Larry Terry
 Hon. Jonathan P. Hein *Page 1